UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE BUTTNER,

      Plaintiff,

      v.                                Case No: 2:18-cv-332-FtM-UAM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____

## OPINION AND ORDER

Plaintiff, Denise Buttner, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint memorandum setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I. Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B. Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C. Procedural History

Plaintiff filed an application for a period of disability and DIB and an application for SSI on March 19, 2015, alleging in both applications disability beginning February 1, 2012. (Tr. 16, 214). Plaintiff's claim was initially denied on June 16, 2015, and upon reconsideration on November 30, 2015. (Tr. 65-73, 74-84, 87-96, 97-109). Plaintiff requested a hearing, and, on April 5, 2017, an administrative hearing was held before Administrative Law Judge Lisa B. Martin ("the ALJ"). (Tr. 37-64). Following the hearing, the ALJ issued an unfavorable decision on September 6, 2017, finding that Plaintiff was not disabled. (Tr. 16-31). Plaintiff requested review of the ALJ's decision but, on April 13, 2018, the Appeals Council denied review. (Tr. 2-7). Accordingly, the ALJ's decision became the Commissioner's final decision. Plaintiff initiated the instant action by Complaint (Doc. 1) on May 11, 2018.

### D. Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff engaged in substantial gainful activity during the period July 2014 through October 2014, but there has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. (Tr. 18). At step two, the ALJ found that Plaintiff had the following severe impairments: lumbar and cervical spine degenerative disc disease, bilateral knees osteoarthritis, major depressive disorder,

and generalized anxiety disorder. (Tr. 19). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b), except as follows. The claimant must be able to change positions as often as every 45 minutes for one to two minutes with access to normal work breaks for longer position changes. The claimant is precluded from all ladder, rope, scaffold climbing, and she is limited to occasional postural motions otherwise. The claimant is precluded from all exposure to dangerous work hazards, which would include unprotected heights and exposed moving machinery. The claimant is limited to work that is detailed, but not complex, and does not require a fast assembly quota pace. The claimant would be off task up to 5% of the workday because of pain symptoms. The claimant is limited to only occasional overhead reaching tasks with the upper extremities.

(Tr. 21). At step four, the ALJ found that Plaintiff is unable to perform her past relevant work a duct installer. (Tr. 28).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 29). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as cashier and routing clerk. (Tr. 30). The ALJ concluded that Plaintiff had not been under a disability since February 1, 2012, the date the application was filed, through September 6, 2017, the date of the ALJ's decision. (Tr. 16-31).

**II.     Analysis**

Plaintiff raises a single issue on appeal: whether the ALJ erred by failing to properly evaluate the opinion of consultative examiner Rajan Sareen, M.D. (Doc. 21 p. 14-22). Plaintiff argues that the ALJ did not provide the requisite good cause for rejecting Dr. Sareen's opinion,

which contained greater limitations than found by the ALJ in her RFC determination. (Doc. 21 p. 17). Plaintiff argues that the ALJ's finding that Dr. Sareen's opinion was not supported by his observation findings was an impermissible substitution of the ALJ's lay opinion for the opinion of a medical expert. (Doc. 21 p. 17). In response, Defendant argues that the ALJ properly considered Dr. Sareen's opinion in accordance with the regulations and articulated reasons for assigning partial weight, namely that it was internally inconsistent and not supported by his own findings on examination or the other evidence of record. (Doc. 21 p. 24-27).

The record shows that Plaintiff presented to Dr. Sareen on May 12, 2017, for a physical consultative examination. (Tr. 501-04). She complained of pain in the arms, shoulders, elbows, lower back, legs, and hands; she describe the pain intermittent, gradually worsening, and associated with stiffness, tingling, and numbness. (Tr. 501). She rated her pain as 10 out of 10. (Tr. 501). She reported difficulty walking more than 1 block, bending down, or lifting anything heavy. She stated she could walk up to 100 feet, sit for 30 minutes, stand for 15 minutes, and lift 10 pounds. (Tr. 501). She also reported anxiety, depression, abdominal pain, and shortness of breath/chest pain. (Tr. 501). The straight leg raise was 75 degrees in the supine position; otherwise, the examination was normal. (Tr. 502, 503). An x-ray of the cervical spine revealed moderate degenerative osteoarthritis. (Tr. 500), an x-ray of lumbosacral spine revealed mild to moderate degenerative osteoarthritis (Tr. 498), and an x-ray of the knees revealed mild degenerative osteoarthritis. (Tr. 499). Dr. Sareen diagnosed chronic multiple joint and back pain secondary to degenerative osteoarthritis, chronic anxiety/depression, and dyspnea and chest pain secondary to COPD. (Tr. 502).

Dr. Sareen completed a Medical Source Statement. (Tr. 505-10). Dr. Sareen opined that Plaintiff can occasionally (up to 1/3 of the workday) lift up to 10 pounds but can never carry any

weight. (Tr. 505). He opined that she could sit for 30 minutes, stand for 5 minutes, and walk for 5 minutes at one time. In an 8-hour workday, he opined that she could sit for a total of 4 hours, stand for a total of 3 ½ hours, and walk for a total of 30 minutes. (Tr. 506). He indicated that she would have to alternate the sitting and walking and would need to occasionally take a nap. (Tr. 506). He indicated that she requires the use of a cane to ambulate. (Tr. 506). With her right hand, he found she could occasionally reach overhead, handle, feel, and push/pull, but never finger and frequently reach in all other direction. (Tr. 507). With her left hand, he found she could occasionally reach overhead and in other directions, handle and feel, but never finger or push/pull. (Tr. 507). He indicated that she could never operate foot controls, climb ladders or scaffolds, balance, stoop, kneel, crouch, or crawl, but could climb stairs and ramps continuously (Tr. 507). He concluded that she could not walk a block at a reasonable pace on rough or even surfaces. (Tr. 510).

In her decision, the ALJ summarized the examination findings of Dr. Sareen and explained the weight she accorded it as follows:

> I give partial weight to Dr. Sareen's opinion. Dr. Sareen's opinion is internally inconsistent and not supported by the contemporaneous examination. Most notably, Dr. Sareen's examination findings do not support the opinion that the claimant requires the use of a cane to ambulate and that the claimant is unable to walk a block at a reasonable pace on rough or uneven surfaces (Ex. 11F/10). In contrast, Dr. Sareen's examination revealed a normal gait and coordination, intact strength and sensation, and a normal range of motion in all joints (Ex. 11F/6). These findings are in direct contrast to Dr. Sareen's overly restrictive opinion. These same findings support that the claimant remains capable of sitting, standing, and walking within the light level of exertion and has no deficits using her bilateral lower extremities to operate foot controls, in contrast to Dr. Sareen's opinion. There is nothing from Dr. Sareen's examination to support the differing manipulative limitations for the right and left hand. Rather, examination of the upper extremities revealed 100% grip strength with normal dexterity (Ex. 11F/6). The record also does not support that the claimant is unable to perform postural movements, as examinations revealed a full range of motion in all joints (Ex. 2F/4; 5F/4; 9F/8; 11F/6). There is also little in the record to support that the claimant is unable to read very small print, is unable to have exposure to environmental

> limitations except for frequent exposure to extreme heat, may only have exposure to quiet noise, and is unable to shop. In contrast, the claimant did not allege visual or environmental limitations, did not allege difficulties around noise, and admitted that she is able to grocery shop twice per month (Ex. 10F/3). In sum, I find that Dr. Sareen's opinion is internally inconsistent and overly restrictive when compared to the contemporaneous examination and medical imaging. Accordingly, I give Dr. Sareen's opinion only partial weight.

(Tr. 28).

At the fourth step in the evaluation process, the ALJ is required to determine a claimant's RFC and based on that determination, decide whether the plaintiff is able to return to his or her previous work. *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986). The determination of a claimant's RFC is within the authority of the ALJ and along with the claimant's age education, and work experience, the RFC is considered in determining whether the claimant can work. *Lewis v. Callahan,* 125 F.3d 1436, 1440 (11th Cir. 1997). The RFC is the most a plaintiff is able to do despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record. *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004), 20 C.F.R. §404.1520(e).

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Social Security,* 631 F3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational

and supported by substantial evidence." *Id.* (citing *Cowart v. Shweiker,* 662 F.2d 731, 735 (11th Cir. 1981)).

In this case, the Court finds no error in the ALJ's determination that Dr. Sareen's opinion was entitled to only partial weight. As Dr. Sareen was not a treating physician, but a one-time consultative examiner, his opinion was not entitled to any deference or special significance. *See McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987). Nevertheless, the ALJ specifically addressed the opinion, thoroughly summarized Dr. Sareen's examination findings, and explained her reasoning in according the opinion partial weight on the basis that the opinion was internally inconsistent and not supported by Dr. Sareen's own examination findings. Substantial evidence supports the ALJ's reasoning for according the opinion only partial weight.

For example, with regard to internal inconsistences, Dr. Sareen opined that Plaintiff could walk for five minutes at a time for a total of thirty minutes in an eight-hour workday, yet he also opined Plaintiff could continuously climb stairs and ramps (i.e., climb ramps and stairs for more than 2/3 of a workday, for more than five hours in an eight-hour workday). (Tr. 506, 508). Dr. Sareen also opined that Plaintiff had differing ability to use her left and right hands despite identical findings regarding her hands on physical examination. (Tr. 502-03, 507).

Furthermore, substantial evidence supports the ALJ's conclusion that Dr. Sareen's opinion was not supported by his own examination findings. As the ALJ observed, Dr. Sareen found that Plaintiff's gait was normal and she did not require an assistive device to ambulate; nevertheless, Dr. Sareen opined that she required a cane to ambulate. (Tr. 502, 506). Dr. Sareen found on examination that Plaintiff had 20/20 vision with glasses but opined that she was not able to read very small print. (Tr. 502, 508). Furthermore, Dr. Sareen found no significant abnormalities of the spine, extremities, pulmonary functioning, or neurological functioning and reported that

Plaintiff had normal motor strength, 100% grip strength, normal range of motion in all joints, and normal gait. (Tr. 502-03). Such benign findings do not support his opinion that Plaintiff could occasionally lift ten pounds and could never carry any weight, could only walk for thirty minutes in an eight-hour day, could never operate foot controls, could never push and pull with her left hand, and could never perform balancing, stooping, kneeling, crouching, and crawling. (Tr. 502-03, 505-08).

Furthermore, the ALJ noted that in contrast to Dr. Sareen's opinion that Plaintiff needed to work in a quiet environment, could not work around vibrations, extreme cold, or pulmonary irritants, and could not read small print, Plaintiff did not allege any visual or environmental limitations. (Tr. 28, 50-59, 508-09). Similarly, Dr. Sareen opined that Plaintiff was unable to shop despite Plaintiff's own report that she is capable of doing so. (Tr. 279, 510).

Finally, the opinions of other consultative examiners do not support Dr. Sareen's opinion. Dr. Rosenberg found that Plaintiff was not in acute distress; had a normal gait; did not require an assistive device to ambulate; except for her cervical spine, had a full range of motion; had 5/5 grip strength; was able to pick up both small and large objects; had intact sensation; and had 5/5 strength in her upper extremities and 4+/5 strength in her lower extremities. (Tr. 425-26, 430-32). Dr. Dowback, another consultative examiner, found that Plaintiff was not in acute distress; had a normal gait; did not require an assistive device to ambulate; had a full range of motion throughout; had 5/5 grip strength; had intact hand and finger dexterity; had intact sensation; and had 5/5 strength in all extremities. (Tr. 360-62, 365-67).

Plaintiff provided good cause for accordingly partial weight to Dr. Sareen's opinion and substantial evidence supports this determination. Accordingly, the Court finds no error in the ALJ's analysis and affirms the ALJ's decision.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED.** The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties